UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LINDA L. ROBINSON,

                         Plaintiff,

   v.                                                                   **DECISION AND ORDER**

STATE OF NEW YORK, NEW YORK STATE          08-CV-908S
DEPARTMENT OF CORRECTIONAL SERVICES,
ORLEANS MEN'S CORRECTIONAL FACILITY,
PATRICIA TOWNSEND, Individually and as
Academic Education Supervisor Orleans Men's
Correctional Facility, ROBERT VENTRALLY,
Individually and as Teacher Orleans Men's
Correctional Facility, and MAUREEN RITTER,
Individually and as Teacher Orleans Men's
Correctional Facility,

                         Defendants.

1.     Plaintiff commenced this action on December 12, 2008, alleging violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§621 *et seq.*; Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §§2000e *et seq.*; the Americans with Disabilities Act of 1990 (ADA), 29 U.S.C. §§ 701 *et seq.*; 42 U.S.C. § 1983; the New York State Human Rights Law, N.Y. EXEC. LAW §§ 290 *et seq.*; and the New York State Civil Rights Law; and claims for intentional infliction of emotional distress and *prima facie* tort.

2.     On August 10, 2009, Defendants moved, under Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings with regard to portions of the Complaint—specifically, they urge that the Court lacks jurisdiction over the first cause of action brought under the ADEA, the fifth and sixth causes of action under the HRL, the

eighth cause of action for intentional infliction of emotional distress (IIED), and the ninth cause of action for *prima facie* tort. (Docket No. 19.) The motion is fully briefed and the Court has determined that oral argument is not necessary.

3. Defendants, citing Kimel v. Florida Bd. of Regents, first argue that Plaintiff's ADEA claim against the state and state employees sued in their official capacities is barred by the Eleventh Amendment. 528 U.S. 62, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000) (finding the ADEA's purported abrogation of the States' sovereign immunity to be invalid). Plaintiff apparently concedes the ADEA itself does not abrogate state sovereign immunity, but contends that this case is distinguishable because New York has affirmatively waived its immunity with respect to this claim. Defendants have not acknowledged or responded to the waiver argument.

4. The Supreme Court has long recognized that a State's sovereign immunity is "a personal privilege which it may waive at pleasure." Clark v. Barnard, 108 U.S. 436, 447, 2 S. Ct. 878, 27 L. Ed. 780 (1883). The decision to waive "is altogether voluntary on the part of the sovereignty." Beers v. Arkansas, 61 U.S. 527, 20 HOW 527, 529, 15 L. Ed. 991 (1858).

> Accordingly, our "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241, 87 L. Ed. 2d 171, 105 S. Ct. 3142 (1985). Generally, we will find a waiver either if the State voluntarily invokes our jurisdiction, Gunter v. Atlantic Coast Line R. Co., 200 U.S. 273, 284, 50 L. Ed. 477, 26 S. Ct. 252 (1906), or else if the State makes a "clear declaration" that it intends to submit itself to our jurisdiction, Great Northern Life Ins. Co. v. Read, 322 U.S. 47, 54, 88 L. Ed. 1121, 64 S. Ct. 873 (1944). *See also* Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 99, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984) (State's consent to suit must be "unequivocally expressed"). Thus, a State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation. Smith v. Reeves, 178 U.S. 436, 441-445, 44 L. Ed. 1140, 20 S. Ct. 919 (1900). Nor

does it consent to suit in federal court merely by stating its intention to "sue and be sued," Florida Dept. of Health and Rehabilitative Servs. v. Florida Nursing Home Assn., 450 U.S. 147, 149-150, 67 L. Ed. 2d 132, 101 S. Ct. 1032 (1981) (per curiam), or even by authorizing suits against it "'in any court of competent jurisdiction,'" Kennecott Copper Corp. v. State Tax Comm'n, 327 U.S. 573, 577-579, 90 L. Ed. 862, 66 S. Ct. 745 (1946).

College Sav. Bank v. Fla. Prepaidpostsecondary Ed. Expense Bd., 527 U.S. 666, 676, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999).

5. Plaintiff points to various employment contracts, policies, and executive orders in support of her waiver argument. None of the quoted language references the ADEA, nor does it include an express consent to be sued in federal court for alleged ADEA violations. Accordingly, the Court finds this case is not distinguished from Kimel.

6. Plaintiff alternatively argues that, even if Kimel precludes her claim for monetary damages, she may advance an ADEA claim for prospective equitable relief under Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). Defendants have not acknowledged or responded to this argument.

7. In Ex Parte Young, the Supreme Court held individuals could, in certain circumstances, bring an action for injunctive relief against state officials directly under the Constitution without violating the Eleventh Amendment. *Id.* Circuit courts that have considered the question are split on whether individuals may obtain injunctive relief against a state based on the ADEA pursuant to Ex Parte Young. *Compare, e.g.*, State Police for Automatic Ret. Ass'n v. DiFava, 317 F.3d 6, 12 (1st Cir. 1993) (Kimel does not prevent individuals from obtaining injunctive relief based upon ADEA) *with* Ahlmeyer v. Nevada System of Higher Education, 555 F.3d 1051, 1060 (9th Cir. 2009) (ADEA is exclusive remedy for federal age discrimination claims and precludes maintenance of Ex Parte

Young action against state). Given the complete lack of briefing from either party on this issue, I will deny Defendants' motion without prejudice to the extent it is intended to encompass Plaintiff's claim for injunctive relief. However, it is clear that Kimel governs Plaintiff's claim for monetary damages under the ADEA, and the claim is dismissed to the extent she seeks monetary relief against the state and its employees acting in their official capacities. Defendants' contention that the Eleventh Amendment bars claims against state officials in their individual capacities is not supported by the cited authority and is rejected.[1]

8. Defendants next move to dismiss Plaintiff's claims under the HRL, and for IIED and prima facie tort, on the ground that such actions can be brought only in the Court of Claims. Plaintiff has not opposed this argument.

9. "'The state cannot be sued without its consent and it has the right, when authorizing the maintenance of proceedings for the recovery of claims against it, to impose such terms and conditions and to prescribe such procedures as its legislative body shall deem proper.'" Buckles v. State, 221 N.Y. 418, 424 (1917) (quoting Gates v. State of New York, 128 N.Y. 221 228 (1891)). New York exercised this right when it enacted the Court of Claims Act, which governs most actions for money damages against the state. "It is well settled that the Court of Claims has exclusive jurisdiction over actions for money damages against the State, State agencies, or State officials acting in their official capacities in the exercise of governmental functions." Bertoldi v. State, 275 A.D.2d 227, 228 (1st Dep't 2000) (citing N.Y. Court of Claims Act § 9(4)); *see also*, N.Y. Court of Claims Act §§ 8, 10 (limitations on waiver and procedural requirements).

---

[1] Defendants have not advanced any other basis for dismissal of ADEA claims brought against individuals.

10. The Eleventh Amendment explicitly limits federal jurisdiction, and Congress's enactment of 28 U.S.C. § 1367 did not abrogate the bar against adjudicating state law claims against nonconsenting state defendants in federal court. Raygor v. Regents of the Univ. of Minn., 534 U.S. 533, 540-41, 122 S. Ct. 999, 152 L. Ed. 2d 27 (2002) (citations ommitted). Because the Court of Claims has exclusive jurisdiction over claims for money damages against the State, its agencies and its officers acting in their official capacities, the IIED and *prima facie* tort claims against the State, the Department of Correctional Services, the correctional facility, and the supervisor and teachers in their official capacities are dismissed. *See* Ding v. Bendo, 03-CV-1237, 2006 U.S. Dist. LEXIS 24339, at *11 (E.D.N.Y. 2006) (dismissing, for lack of jurisdiction, various common law claims against state university and doctors acting in their official capacities). However, claims against state employees in their individual capacities are not claims against the State, and therefore are subject to federal court jurisdiction under § 1367. *Id.* at *20-21 (dismissing remaining individual capacity claims only upon dismissal of all claims over which court had original jurisdiction); *see also*, Brown v. Coughlin, 869 F. Supp. 196 (S.D.N.Y. 1994) (Section 24 of the Corrections Law, limiting jurisdiction to Court of Claims, governs official capacity claims only; federal court had supplemental jurisdiction over individual capacity claim).

11. In contrast to the IIED and tort claims, the New York State Court of Appeals has held that the state may be sued for HRL violations in a forum other than the Court of Claims. Briggs v. New York State Dep't of Transp., 233 F. Supp. 2d 367, 380 (N.D.N.Y. 2002) (citing Koerner v. State, 62 N.Y.2d 442, 448-49 (1984) (finding "the Legislature must

be deemed to have waived both the State's immunity to suit and the requirement that it be sued in the Court of Claims")). Thus, Defendants' contention that the Court of Claims' exclusive jurisdiction requires dismissal of Plaintiff's HRL claims is unavailing. Nevertheless, I note, *sua sponte*, that New York State has not consented to suit against it under the HRL in federal court. Thus, like Plaintiff's common law claims, her HRL claims against the State, its agencies, and employees sued in their official capacities are barred by the Eleventh Amendment. Thomas v. New York State Dep't of Transp., 08-CV-6463, 2009 U.S. Dist. LEXIS 81799, at *4 (W.D.N.Y. Sept. 9, 2009) (citing Jungels v. State Univ. College of N.Y., 922 F. Supp. 779, 784 (W.D.N.Y. 1996). The individual capacity claims remain.

12. For the reasons stated, Defendants' motion for partial dismissal is granted insofar as it seeks dismissal of Plaintiff's claim for monetary damages under the ADEA, and dismissal of the fifth (HRL), sixth (HRL), eighth (IIED), and ninth (*prima facie* tort) causes of action, as against the state, its agencies, and its employees acting in their official capacities. The motion is denied in all other respects.

      SO ORDERED

Dated:    January 12, 2010
            Buffalo, New York

                                          /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                             Chief Judge
                                 United States District Court