UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────────

LINDA L. ROBINSON,

                                             Plaintiff,

v.

THE STATE OF NEW YORK, et al.,

                                             Defendants.

**DECISION AND ORDER**

08-CV-00908(S)(M)

───────────────────────────────────────────────

       This case was referred to me by Hon. William M. Skretny for supervision of pretrial proceedings [8].[1] Before me is plaintiff's motion to compel [27]. Oral argument of the motion was held on January 20 2010. For the following reasons, I order that plaintiff's motion to compel be denied.[2]

**BACKGROUND**

       Plaintiff, an employee of the New York State Department of Correctional Services ("DOCS"), alleges that while employed at the Orleans Correctional Facility, she was discriminated against by defendants with respect to the terms and conditions of her employment because of her age, gender and disability. She alleges violations of the Age Discrimination and

---

    [1]      Bracketed references are to the CM/ECF docket entries.

    [2]      Plaintiff also argues that the New York State Attorney General's Office must be disqualified from representing defendants because they represent defendant Patricia Townsend in this case and are also representing defendants in a case brought by Ms. Townsend [32]. Oral argument of this issue was held on April 16, 2010. The Attorney General has agreed to qualify outside counsel for Ms. Townsend. I have directed Ms. Townsend's newly retained counsel to file an appropriate motion, if counsel believes that a conflict of interest exists that requires further disqualifications. April 19, 2010 text order [44].

Employment Act ("ADEA), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §1983, Americans with Disabilities Act of 1990 ("ADA") and the New York Human Rights Law ("HRL"), as well as various tort causes of action. Complaint [1].[3]

Plaintiff seeks production of certain documents, including personnel files maintained by DOCS as well as DOCS Diversity Management file, which have not been produced because the parties have been unable to agree upon a confidentiality stipulation.

**ANALYSIS**

**A.      Motion to Compel**

On March 30, 2009 plaintiff served various deposition notices on defendants. Logan-Baldwin affirmation [28], ¶2. After receiving defendants' initial mandatory disclosures on April 13, 2009, depositions were scheduled with the expectation that defendants' remaining disclosures would be produced in advance of the scheduled depositions. Id., ¶3. "To expedite the production of [personnel files]", plaintiff's counsel forwarded to defendants a proposed confidentiality stipulation on August 18, 2009. Id, ¶4, Ex. 4. On August 20, 2009, plaintiff subpoenaed documents regarding investigations conducted by Mary Mayville, DOCS Diversity Management Investigator, concerning complaints made by plaintiff and complaints made by or about the defendants. Id., ¶5, Ex. 5. Defendants responded with their own proposed confidentiality stipulation on August 28, 2009. Id., Ex. 6.

---

[3]     Defendants have successfully moved to dismiss plaintiff's claim for monetary damages under the ADEA and her HRL and state law tort claims, as against the state, its agencies, and it employees acting in their official capacities. Decision and Order [35].

By letter dated September 24, 2009, plaintiff's counsel rejected the defendants' proposed confidentiality stipulation asserting, *inter alia*, that it "interferes with my client's right to be fully and effectively represented by me". Id., Ex. 7. As a compromise, plaintiff's counsel indicated that she would accept the personnel files with redaction of social security numbers and other confidential identifiers. Id. Plaintiff's counsel also asked defendants to address the fact that page 19 of the April 28, 2008 fax from Ms. Mayville to Bob Raymond was cropped. Id.

On October 20, 2009 defendants mailed plaintiff a second proposed confidentiality stipulation. Cadle declaration [31], Ex. C. Plaintiff filed this motion the following day. It seeks production of the defendants', plaintiff's and certain non-parties' personnel files and the documents from DOCS Office of Diversity Management requested in the her August 20, 2009 subpoena, which have not been produced because of the pending dispute over the language of the confidentiality stipulation. Cadle declaration [31], ¶4. Plaintiff also seeks page 19 of the April 28, 2008 fax from Ms. Mayville to Bob Raymond, as well as attorney's fees and costs. Plaintiff's memorandum of law [29], p. 12; Cadle declaration [31], ¶4.

**1.     DOCS files**

Plaintiff alleges that "[n]ot only has defense counsel withheld information that she knew or should have known support an application for a liability judgment for plaintiff, she now compounds the harm to plaintiff by making unsupportable arguments to conceal or suppress the evidence supporting judgment against the defendants." Logan-Baldwin affirmation [32], ¶14. This allegation is baseless. The record demonstrates defendants have not been unwilling to

produce these materials. Rather, they are willing to do so subject to certain confidentiality terms which the parties are unable to agree upon.

Defendants argue that "unrestricted disclosure of [discrimination complaint] investigations could have a chilling effect on these investigations." Cadle declaration [31], ¶12. They also argue that these records are deemed confidential under Section 50-a of the New York Civil Rights Law, which obligates defense counsel to protect the confidentiality of those records pursuant to Section 89 of the New York Public Officers Law. Id., ¶6. Plaintiff is correct that defendants' "mere incantation of N.Y. Civil Rights Law 50-a alone does not provide a basis to withhold what otherwise appears to be discoverable and potentially highly relevant information from plaintiff". Smith v. Goord, 222 F.R.D. 238, 243 (N.D.N.Y. 2004). See Logan-Baldwin affirmation [32], ¶14. However, there are also "legitimate privacy interests which militate against indiscriminate disclosure of inherently personal information concerning [DOCS] employees and their families." Smith, 222 F.R.D. at 243.

Plaintiff claims that "the restrictions defense counsel has sought and continues to seek are proof of defendants' efforts to suppress evidence of their multiple violations of plaintiff's federal and New York civil rights." Logan-Baldwin affirmation [32], n. 6. Therefore, she requests that I order her proposed confidentiality stipulation. Plaintiff's memorandum of law [29], p. 2.[4]

---

[4] Plaintiff also argues that "production of the requested personnel files should be ordered" (Plaintiff's memorandum of law [29], p. 9) and that I should order "immediate production-without qualification or restriction." Logan-Baldwin affirmation [32], ¶10. This seemingly contradicts plaintiff's prior recognition that confidentiality provisions are necessary when she provided defendants with the initial proposed confidentiality stipulation.

However, as defendants point out, plaintiff's stipulation is deficient in that it contains no redaction provision for confidential identifiers, permits the use of these records in pretrial motions without affording defendants the opportunity to demonstrate that these materials should remain confidential, and does not provide a mechanism for filing these documents under seal. Cadle declaration [31], ¶5.

Despite receiving defendants' second proposed confidentiality stipulation before filing her reply, plaintiff does not raise anything other than generalized objections to it. Moreover, plaintiff's counsel's concern with defendants' first proposed confidentiality stipulation restricting her ability to communicate with her client about these documents (Logan-Baldwin affirmation [28], Ex. 7) is resolved in the second proposed confidentiality stipulation, which permits the plaintiff to review these materials. Cadle declaration [31], Ex. C.

Therefore, defendants shall provide me with a confidentiality order incorporating the terms of the second proposed confidentiality stipulation. Upon execution of the confidentiality order, defendants shall produce the requested documents to plaintiff within 30 days.[5]

### 2. The April 28, 2008 fax

According to defendants' counsel, the cropped fax page was the best copy that could be located, and she has been unable to locate the original despite her best efforts to do so. Cadle declaration [31], ¶18. Accepting counsel's representations as an officer of the court, I find

---

[5] At oral argument, defendants agreed to produce plaintiff's own personnel file without the need for a confidentiality stipulation. Therefore, this aspect of plaintiff's motion is denied as moot.

that defendants have complied with their discovery obligations in this regard. Should a better copy or the original of this page be located, defendants shall promptly produce it to plaintiff.

### 3. Attorney's Fees and Costs

Because I have denied plaintiff's motion to compel, I likewise deny her request for attorney's fees and costs.

## CONCLUSION

For these reasons, plaintiff's motion to compel [27] is denied.[6]

**SO ORDERED**

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: May 12, 2010

---

[6] Because Ms. Townsend is in the process of obtaining new counsel, her deadline to file objections to this Decision and Order will run from the date of her newly retained counsel's notice of appearance.