UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LINDA L. ROBINSON,

                                                 Plaintiff,

v.

THE STATE OF NEW YORK, et al.,

                                                 Defendants.
_____

**DECISION AND ORDER**

08-CV-00908(S)(M)

        This case was referred to me by Hon. William M. Skretny for supervision of pretrial proceedings [8].[1] Before me is plaintiff's motion to disqualify defendants' counsel [27].[2] For the following reasons, plaintiff's motion is denied.

**BACKGROUND**

        Plaintiff, an employee of the New York State Department of Correctional Services ("DOCS"), alleges that while employed at the Orleans Correctional Facility, she was discriminated against by defendants with respect to the terms and conditions of her employment because of her age, gender and disability. She alleges violations of the Age Discrimination and Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §1983, Americans with Disabilities Act of 1990 ("ADA") and the New York Human Rights Law

---

[1]     Bracketed references are to the CM/ECF docket entries.

[2]     Although disqualification of counsel was mentioned in passing in plaintiff's motion (Logan-Baldwin affirmation [28-2], p. 7), it was not until her reply [32] that she emphasized this issue. Therefore, I gave the defendants an opportunity to address this issue following oral argument of the other aspects of plaintiff's motion [27], which were addressed in my May 12, 2010 Decision and Order [45].

("HRL"), as well as various tort causes of action. Complaint [1].

Plaintiff's motion to disqualify the New York State Attorney General from representing defendants arises from its simultaneous representation (by separate attorneys/offices) of Patricia Townsend as a defendant in this case and of the defendants in a case brought by Ms. Townsend (Townsend v. New York State Correctional Services, at al. (9-cv-6018 (CJS/JWF)).[3] In response to plaintiff's motion, the Attorney General agreed to retain outside counsel to represent Ms. Townsend in order "to resolve the perceived potential conflict of interest". Cadle declaration [40], ¶2.

Christine Agola, Esq., who also represents Ms. Townsend in the her case against DOCS (Logan-Baldwin affirmation [54], ¶5), appeared for Ms Townsend on May 12, 2010 [46]. From Ms. Agola's perspective this resolved any conflict of interest with the Attorney General's representation of defendants. June 9, 2010 Text Order [50]. However, plaintiff's counsel continues to believe that the Attorney General must be disqualified from representing all of the defendants in this case.[4] Logan Baldwin affirmation [54].

---

[3] Ms. Townsend was similarly employed by DOCS at Orleans and alleges that she was discriminated because of her gender, experienced a hostile work environment based upon her sex, and was retaliated against for her complaints.

[4] Although she is not directly affected by the alleged conflict, plaintiff has standing to raise this argument. *See* Adams v. Village of Keesville, 2008 WL 3413867, *10 (N.D.N.Y. 2008) ("Given the court's oversight obligation, a motion to disqualify an attorney, even if brought by an unaffected party, is an appropriate means by which to bring the conflict issue to the court's attention."); Burg v. Brunswick Hospital Center Inc., 1987 WL 19431, *3 (E.D.N.Y. 1987) ("defendants contest plaintiff's standing to seek disqualification of opposing counsel in order to protect the rights of the defendant doctors. However, all attorneys, regardless of their position in the litigation, have an obligation to call to the Court's attention possible disciplinary rule violations. . . . Moreover, plaintiff's interest in finality of judgment gives it standing to complain of conflicts of interest which may impair the favorable results of any trial."); Estates Theatres, Inc. v. Columbia Pictures Industries, Inc., 345 F. Supp. 93, 98 (S.D.N.Y. 1972).

## ANALYSIS

"Although . . . decisions on disqualification motions often benefit from guidance offered by the American Bar Association (ABA) and state disciplinary rules . . . such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification". Hempstead Video, Inc. v. Incorporated Village of Valley Stream, 409 F. 3d 127, 132 (2d Cir. 2005). A "recognized form of taint arises when an attorney places himself in a position where he could use a client's privileged information against that client". Id. at 133. "In cases of concurrent representation, . . . it is 'prima facie improper' for an attorney to simultaneously represent a client and another party with interests directly adverse to that client" unless the attorney can "show, at the very least, that there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation". Id.[5]

"Motions to disqualify counsel are viewed with disfavor and subjected to a high standard of proof, in large part because they can be used as a litigation tactic. . . . On the other hand, the Second Circuit has held that any doubt should be resolved in favor of disqualification." Merck Eprova AG v. ProThera, Inc., 670 F. Supp. 2d 201, 207 (S.D.N.Y. 2009).

I find that the Attorney General's concurrent representation of Ms. Townsend in this litigation and its representation of the defendants in Ms. Townsend's litigation placed it in a position to use any privileged information gained in this case from Ms. Townsend against Ms. Townsend in her litigation.[6] Even though the Attorney General no longer represents Ms.

---

[5] Plaintiff relies on Kassis v. Teacher's Insurance & Annuity Association, 93 N.Y.2d 611 (1999), which pertains to subsequent representation as opposed to concurrent representation. Baldwin-Logan affirmation [41], ¶16. See Hempstead Video, Inc., 409 F.3d at 133 ("The standard for disqualification varies depending on whether the representation is concurrent or successive.").

Townsend, this does not end the conflict inquiry. "Where counsel has withdrawn or been disqualified from representing one party, continued representation of the remaining party is not warranted if 'an attorney's conduct tends to taint the underlying trial.'" In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 438 F. Supp. 2d 305, 307 (S.D.N.Y. 2006) (*quoting* Hempstead Video, 409 F. 3d at 133).

I do not find there to be any ongoing taint from the Attorney General's representation of Ms. Townsend. Although plaintiff speculates that the Attorney General "necessarily shar[ed] confidences on both sides of the claims" (Logan-Baldwin affirmation [54], ¶2, p. 5), I accept Assistant Attorney General Delia Cadle's representations, as an officer of the court, that she has not had any communications with the Assistant Attorney General representing the defendants in Ms. Townsend's case and did not discuss Ms. Townsend's case with her during her representation of Ms. Townsend. January 20, 2010 oral argument [36]. Ms. Cadle also states that, going forward, a "Chinese wall" will be erected between the two litigations thereby precluding any employee of the Attorney General working on one litigation from having any contact with individuals working on the other litigation regarding these cases. Cadle declaration [40], ¶¶7 and 8. Given these representations and protections, it is telling that Ms. Townsend, who (as opposed to plaintiff) is directly impacted by the alleged conflict, does not believe that the Attorney General's continued representation of the remaining defendants poses a conflict. June 9, 2010 text order [50].

Plaintiff's counsel also argues that "the record in *Townsend v. DOC* and in this case suggests that the Assistant Attorneys General in both cases and Ms. Agola have acted to withhold . . . critical information supporting Ms. Robinson [*sic*] from me and the Federal Courts

sitting in Rochester and Buffalo". Logan-Baldwin affirmation [54], ¶12. Plaintiff's counsel also argues that defendants have failed to fully comply with my May 12, 2010 Decision and Order. Id., pp. 15-16. These are distinct issues from whether a conflict of interest exists. Should plaintiff wish to further address these issues, she may file appropriate motions.

## CONCLUSION

For these reasons, plaintiff's motion to disqualify defendants' counsel [27] is denied. A conference is set for August 9, 2010 at 10:00 a.m. to set a Second Amended Case Management Order. The parties may participate via telephone upon advance notice to chambers. The court will initiate the call. In the interim, the parties shall confer and submit (jointly or individually) a proposed Second Amended Case Management Order, containing deadlines for completion of dispositive motions by the end of this year.

**SO ORDERED**.

DATED: July 14, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge